IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| **RICHARD L. YANKELOV,**<br>1410 Stonehurst Drive<br>Annapolis, MD 21409<br><br>**HOWARD YANKELOV,**<br>149 Crosstied Drive<br>Stewartstown, PA 17363<br><br>**MARK A. BAKER, JR.,**<br>8427 Kings Ridge Rd<br>Parkville, MD 21234<br><br>**WILLIAM F. BROOKS,**<br>139 Teapot Ct<br>Reisterstown, MD 21136<br><br>**THOMAS BRUMBACK**<br>17 Woodbench Ct<br>Reisterstown, MD 21136<br><br>**LARRY GOREN,**<br>1119 Jeffras Ct<br>Westminster, MD 21157<br><br>**CHARLES HOBBS,**<br>2725 Baublitz Rd<br>Owings Mills, MD 21117<br><br>**STACEY KEARNEY,**<br>65 Marhill Ct<br>Westminster, MD 21158<br><br>**MILES KOBIN,**<br>4910 Pleasant Grove Rd<br>Reisterstown, MD 21136<br><br>**MIKE MAGGIO,**<br>4808 Forge Acre Dr<br>Perry Hall, MD 21128 | Civil Action No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

1

|  |  |
|---|---|
| **JASON NAMMACK,**<br>65 Marhill Ct<br>Westminster, MD 21158<br><br>**ADAM NIEHAUS,**<br>5127 Spring Willow Ct<br>Owings Mills, MD 21117<br><br>**JEFFREY PAVSNER,**<br>803 Suburbian Rd<br>Reisterstown, MD 21136<br><br>**JUSTIN PHELPS**<br>14 Bellclare Cir<br>Sparks MD 21152<br><br>**MATTHEW TRONE**<br>19933 Middletown Rd<br>Freeland, MD 21053<br><br>**On behalf of themselves and all others similarly situated,**<br><br>              **Plaintiffs,**<br><br>v.<br><br>**PEOPLES BANK AND TRUST CO.,**<br>517 Washington Street<br>Ryan, OK 73565<br>              **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs RICHARD L. YANKELOV, HOWARD YANKELOV, MARK A. BAKER, JR., WILLIAM F. BROOKS, THOMAS L. BRUMBACK, LARRY GOREN, CHARLES HOBBS, STACEY KEARNEY, MILES KOBIN, MIKE MAGGIO, JASON NAMMACK, ADAM NIEHAUS, JEFFREY PAVSNER, JUSTIN PHELPS, and MATTHEW TRONE ("Plaintiffs"), on behalf of themselves individually and all other persons similarly situated

2

known and unknown, through their attorneys, for their Complaint against Defendant Peoples Bank and Trust Co. (hereinafter "Defendant"), state as follows:

## NATURE OF THE ACTION

1. This lawsuit arises out of Defendant's failure to pay Plaintiffs and other similarly-situated persons all earned overtime wages and failure to compensate Plaintiffs and other similarly-situated persons for all time worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, *et seq.* ("MWPCL").

2. Defendant employs or employed loan officers/loan originators in Baltimore County, Maryland, which is in this judicial district. These employees work or worked at home offices or office buildings when performing their primary duty of selling mortgage products to customers on behalf of Defendant. At all times relevant to this Complaint, Defendant treated these employees as exempt from overtime under the FLSA, the MWHL, and the MWPCL.

3. Defendant failed to properly classify Plaintiffs and similarly situated individuals as non-exempt employees under the FLSA, the MWHL, and the MWPCL.

4. Defendant failed to pay any overtime premium to Plaintiffs and similarly-situated employees for hours worked in excess of forty per work week, in violation of the FLSA and the MWHL overtime requirements, 29 U.S.C. § 207(a); Md. Code Ann., Lab. & Empl. § 3-415(a).

5. Defendant failed to pay Plaintiffs and similarly situated employees a regular hourly wage for the first 40 hours worked in a workweek. Instead, Defendant paid Plaintiffs strictly on a commission basis, in violation of MWPCL semi-monthly payment requirements, Md.

Code Ann., Lab. & Empl. § 3-502(a), and the minimum wage requirements of the FLSA and the MWHL.

6. Instead of paying employees a regular hourly wage for the first 40 hours worked in a workweek, Defendants would often pay Plaintiffs a "draw" against future commission payments: compensation at an hourly rate for a fixed number of hours each week, the value of which Defendant would later deduct from any commission payments earned by Plaintiffs or other similarly situated employees. Some Plaintiffs and similarly situated employees did not receive any draw or other compensation for hours worked, or for hours during which they earned no commissions, in violation of MWPCL semi-monthly payment requirements, Md. Code Ann., Lab. & Empl. § 3-502(a), and the minimum wage requirements of the FLSA and the MWHL.

7. Defendant failed to maintain accurate records of the days and hours employees worked, and sometimes required Plaintiffs and similarly-situated employees to under-report their hours worked, in violation of the FLSA's recordkeeping requirements, 29 C.F.R. § 516.2. and the MWHL's recordkeeping requirements, Md. Code Ann., Labor & Empl. § 3-424.

8. Plaintiffs bring their claims on behalf of themselves individually and as a collective action pursuant to 29 U.S.C. § 216(b), and as a class action pursuant to Md. Code Ann., Lab. & Empl. § 3-401, *et seq.* and Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Count I of this complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10. This Court has supplemental jurisdiction over Count II and Count III of this complaint, which arise under the laws of Maryland, pursuant to 28 U.S.C. § 1367(a), because the

claims in Count II and Count III arise from a common set of operative facts as Count I. The Claims in Count II and Count III are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

11. Venue is proper in the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. § 1391(b), because all of Defendant' actions and omissions giving rise to the claims in this Complaint occurred in Baltimore County, Maryland. Defendant does business in Maryland and is subject to personal jurisdiction in the district.

## PLAINTIFFS

12. Plaintiff **Richard L. Yankelov** (hereafter "**R. Yankelov**") is an adult resident of the state of Maryland.  Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately March 2014 to July 2018.

13. At all times relevant to this Complaint, Plaintiff **R. Yankelov** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

14. At all times relevant to this Complaint, Defendant was Plaintiff **R. Yankelov's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

15. Plaintiff **Howard Yankelov** (hereafter "**H. Yankelov**") is an adult resident of the state of Pennsylvania.  Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately March 2014 to January 2017.

16. At all times relevant to this Complaint, Plaintiff **H. Yankelov** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

17. At all times relevant to this Complaint, Defendant was Plaintiff **H. Yankelov's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

18. Plaintiff **Mark A. Baker, Jr**. (hereafter "**Baker**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately January 2016 to March 2018.

19. At all times relevant to this Complaint, Plaintiff **Baker** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

20. At all times relevant to this Complaint, Defendant was Plaintiff **Baker's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

21. Plaintiff **William F. Brooks** (hereafter "**Brooks**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately March 2014 to October 2017 and from approximately March 2018 to July 2018.

22. At all times relevant to this Complaint, Plaintiff **Brooks** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

23. At all times relevant to this Complaint, Defendant was Plaintiff **Brooks's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

24. Plaintiff **Thomas L. Brumback** (hereafter "**Brumback**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the

6

Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately March 2014 to July 2018.

25. At all times relevant to this Complaint, Plaintiff **Brumback** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

26. At all times relevant to this Complaint, Defendant was Plaintiff **Brumback's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

27. Plaintiff **Larry Goren** (hereafter "**Goren**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately January 2014 to August 2017.

28. At all times relevant to this Complaint, Plaintiff **Goren** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

29. At all times relevant to this Complaint, Defendant was Plaintiff **Goren's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

30. Plaintiff **Charles Hobbs** (hereafter "**Hobbs**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately May 2014 to July 2018.

31. At all times relevant to this Complaint, Plaintiff **Hobbs** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

32. At all times relevant to this Complaint, Defendant was Plaintiff **Hobbs's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

33. Plaintiff **Stacey Kearney** (hereafter "**Kearney**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately April 2014 to May 2018.

34. At all times relevant to this Complaint, Plaintiff **Kearney** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

35. At all times relevant to this Complaint, Defendant was Plaintiff **Kearney's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

36. Plaintiff **Miles Kobin** (hereafter "**Kobin**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately March 2014 to May 2014.

37. At all times relevant to this Complaint, Plaintiff **Kobin** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

38. At all times relevant to this Complaint, Defendant was Plaintiff **Kobin's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

39. Plaintiff **Michael Maggio** (hereafter "**Maggio**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the

Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately December 2014 to July 2018.

40. At all times relevant to this Complaint, Plaintiff **Maggio** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

41. At all times relevant to this Complaint, Defendant was Plaintiff **Maggio's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

42. Plaintiff **Jason Nammack** (hereafter "**Nammack**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately April 2014 to June 2018.

43. At all times relevant to this Complaint, Plaintiff **Nammack** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

44. At all times relevant to this Complaint, Defendant was Plaintiff **Nammack's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

45. Plaintiff **Adam Niehaus** (hereafter "**Niehaus**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately March 2014 to August 2018.

46. At all times relevant to this Complaint, Plaintiff **Niehaus** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

47. At all times relevant to this Complaint, Defendant was Plaintiff **Niehaus's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

48. Plaintiff **Jeffrey Pavsner** (hereafter "**Pavsner**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately March 2014 to July 2018.

49. At all times relevant to this Complaint, Plaintiff **Pavsner** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

50. At all times relevant to this Complaint, Defendant was Plaintiff **Pavsner's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

51. Plaintiff **Justin Phelps** (hereafter "**Phelps**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately October 2014 to July 2018.

52. At all times relevant to this Complaint, Plaintiff **Phelps** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

53. At all times relevant to this Complaint, Defendant was Plaintiff **Phelps's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

54. Plaintiff **Matthew Trone** (hereafter "**Trone**") is an adult resident of the state of Maryland. Plaintiff worked for Defendant as a loan officer/loan originator out of the Peoples Bank

and Trust office located at 90 Painters Mill Road, Owings Mills, Baltimore County, Maryland 21117, from approximately December 2014 to June 2018.

55. At all times relevant to this Complaint, Plaintiff **Trone** was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e).

56. At all times relevant to this Complaint, Defendant was Plaintiff **Trone's** "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), by the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and by the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

## **DEFENDANT**

57. Defendant Peoples Bank and Trust Co. is a corporation headquartered in Edmond, Oklahoma.

58. Defendant is engaged in interstate commerce by, among other things, selling mortgage loans and other financial products in multiple states, including Baltimore County, Maryland.

59. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 or greater at all relevant times.

60. At all relevant times, Defendant had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

61. Defendant is an "employer" within the meaning of section 203(d) of the FLSA, 29 U.S.C. § 203(d), section 3-401(b) of the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and section 3-501(b) of the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

**FLSA COLLECTIVE ACTION CLASS**

62. Plaintiffs bring this action on behalf of themselves and all individuals similarly situated pursuant to 29 U.S.C. § 216(b).  The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who are or have been employed by Defendant as loan officers/loan originators, or as employees with similar job duties, within three years prior to the filing of this Complaint (the "FLSA Class Period"), who were not paid "time and one-half" their regular hourly rate for hours worked in excess of forty in any one workweek, and who were not compensated for all hours worked.

Together, these individuals shall be referred to as the "FLSA Class Members."

63. The action is being brought as a collective action under the FLSA, 29 U.S.C. § 216(b), because Plaintiffs are similarly situated in that they: (a) had similar duties; (b) performed similar tasks; (c) were protected by the same requirements under the FLSA to receive minimum wages and overtime wages unless specifically exempted; (d) were subjected to similar pay plans; (e) were not compensated for hours worked when no commission was earned; (f) were required to work and did work in excess of forty hours per week; and, (g) were not paid at a rate of one and one-half times their respective regular rates of pay for all such overtime hours worked.

64. The FLSA Class includes more loan officers/loan originators and employees with similar job duties than the named Plaintiffs in this case, all of whom performed services for Defendant during the relevant FLSA Class Period.

65. With the filing of this Complaint, the **15** named Plaintiffs also file opt-in forms stating that they wish to participate in this litigation.  Plaintiffs expect that number to increase.  Thus,

a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class Members.

66. An action under 29 U.S.C. § 216(b) is superior to all other available methods for the fair and efficient adjudication of this controversy, since the damages suffered by certain individual FLSA Class Members may be relatively small, and the expense and burden of individual litigation would make it impossible for individual FLSA Class Members to redress the wrongs done to them. Further, because of the similarity of the FLSA Class Members' claims, individual actions would present the risk of inconsistent adjudications, subjecting Defendant to incompatible standards of conduct.

## STATEMENT OF FACTS

67. Plaintiffs and others similarly situated worked as loan officers, loan processors, mortgage loan originators, or in a similar position for Defendant.

68. Defendant is a financial institution that, among other activities, sells financial products to customers.

69. As loan officers/loan originators, Plaintiffs and others similarly situated had the primary duty of selling mortgage loan products for Defendant.

70. Plaintiffs and others similarly situated performed this duty primarily from inside Defendant' fixed offices and/or their home offices, all of which were located in Maryland.

71. The work performed by Plaintiffs and others similarly situated is, and was, work directly related to mortgage sales and refinances.

72. The FLSA, MWCPL, and MWHL require covered employers, such as Defendant, to compensate all non-exempt employees for all work performed in a work week at the applicable minimum wage.

73. The FLSA, MWCPL, and MWHL require covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

74. Defendant classified Plaintiffs and others similarly situated as exempt from overtime premium compensation.

75. Defendant paid Plaintiffs and others similarly situated an hourly rate of pay for a set number of hours each week that was not based on actual hours worked, as well as commissions earned on their funded loans that were closed. Defendant never paid Plaintiffs and others similarly situated for more than 40 hours, regardless of hours worked, and later deducted any hourly wages paid from commissions earned (i.e., Defendant treated hourly wages as "draw" against future commissions).

76. Defendant paid some loan officers/loan originators straight commissions, with no payment of an hourly draw on future commissions. That is, Defendant only paid commissions to some loan officers/loan originators and did not pay them any compensation for hours worked.

77. Defendant instructed plaintiffs and others similarly situated not to discuss compensation with other employees.

78. Defendant routinely required Plaintiffs and others similarly situated to work more than forty hours per week to complete all of their job responsibilities, and did not pay them an overtime premium for hours worked in excess of forty per work week, in violation of the FLSA, MWHL, and MWPCL. Defendant's compensation agreement also violated the FLSA and MWHL in that it failed to include commission income in determining the overtime rate of pay.

79. Under Defendant's compensation practice, Plaintiffs and other similarly-situated employees were sometimes paid on a straight commission basis, with no hourly rate of pay. Therefore, Defendant did not pay minimum wage to these employees.

80. Defendant was aware of the straight time hours and overtime hours that Plaintiffs and others similarly situated worked.

81. Defendant was or should have been aware that Plaintiffs and others similarly situated performed work that required payment of overtime compensation and required payment of the minimum wage for hours worked.

82. Upon information and belief, Defendant did not keep accurate records of these hours worked as required by law.

83. Upon information and belief, Defendant sometimes required Plaintiffs and others similarly situated to under-report their hours worked.

84. It is common knowledge within the financial industry that courts and the United States Department of Labor have found loan officers to be non-exempt and entitled to overtime compensation, and that commission income should be included in calculating their overtime rate of pay. Therefore, Defendant's conduct was willful and in bad faith.

85. Defendant operated a scheme to deprive loan officers/loan originators of overtime compensation by classifying them as exempt, and by failing to make, keep, and preserve accurate records of all hours worked.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Collective Action)

86. Plaintiffs and the FLSA Class Members re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

87. At all times relevant to this Complaint, Defendant was an enterprise "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

88. At all times relevant to this Complaint, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

89. At all times relevant to this Complaint, both individual Plaintiffs and each member of the FLSA Class were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e).

90. Plaintiffs and the FLSA Class Members are or were employed by Defendant to sell mortgage loan products and perform other "non-exempt" duties under the FLSA.

91. During the applicable period, Plaintiffs and the FLSA Class Members routinely worked in excess of forty hours per workweek without receiving overtime compensation from Defendant for their overtime hours worked, in violation of the FLSA, 29 U.S.C. § 207(a).

92. During the applicable period, Plaintiffs and the FLSA Class routinely worked hours without receiving minimum wage compensation from Defendant for their hours worked, in violation of the FLSA, 29 U.S.C. § 206.

93. Defendant's violations of the FLSA were repeated, willful, and intentional. Defendant knew that the FLSA Class Members worked over forty hours per workweek without receiving overtime compensation. Defendant knew that the FLSA Class Members worked without receiving minimum wage compensation. Accordingly, a three-year statute of limitations governs this claim pursuant to the FLSA, 29 U.S.C. § 255(a).

94. Defendant did not act in good faith and did not have reasonable grounds to believe its actions and omissions were compliant with the FLSA. As a result, Plaintiffs and the other similarly situated individuals are entitled to recover all unpaid minimum wage and overtime compensation, in addition to liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime wages described above, plus costs and

reasonable attorneys' fees incurred in the filing and prosecution of this action, pursuant to the FLSA, 29 U.S.C. § 216(b).

95. Alternatively, should the Court find that Defendant has not acted willfully in failing to pay minimum wage and overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

Wherefore, Plaintiffs pray this Court to:

A. Declare this Action to be maintainable as a collective action pursuant to 29 U.S.C. § 216(b);

B. Award each Plaintiff and those similarly situated his or her unpaid overtime wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §§ 207 and 216;

C. Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided by 29 U.S.C. § 216(b);

D. Award Plaintiffs prejudgment interest;

E. Award any other and further relief as the Court deems appropriate and just.

### COUNT II: VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

96. Plaintiffs and the FLSA Class Members re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

97. At all times relevant hereto, Defendant was an "employer" within the meaning of the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b).

98. During the applicable period, Plaintiffs and the FLSA Class Members routinely worked in excess of forty hours per workweek without receiving overtime compensation from Defendant for their overtime hours worked, in violation of the MWHL, Md. Code Ann., Lab. & Empl. § 3-415(a).

99. During the applicable period, Plaintiffs and the FLSA Class routinely worked without receiving minimum wage compensation from Defendant for their hours worked, in violation of the MWHL, Md. Code Ann., Lab. & Empl. § 3-413(b).

100. Defendant did not act in good faith and did not have reasonable grounds to believe its actions and omissions were compliant with the MWHL. As a result, Plaintiffs and the other similarly situated individuals are entitled to recover all unpaid minimum wage and overtime compensation, in addition to liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime wages described above, plus costs and reasonable attorneys' fees incurred in the filing and maintenance of this action, pursuant to the MWHL, Md. Code Ann., Lab. & Empl. § 3-427(a).

101. Alternatively, should the Court find that Defendant acted in good faith and reasonably believe that the wages paid were not less than the wage required, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

Wherefore, Plaintiffs pray this Court to:

A. Award each Plaintiff and those similarly situated his or her unpaid wages, plus an equal amount in liquidated damages, pursuant to the Maryland Wage Payment and Collection Law, Md. Code. Ann., Lab. & Empl. § 3-427(a);

B. Award to Plaintiffs their costs and attorneys' fees incurred in this action, pursuant to the Maryland Wage Payment and Collection Law, Md. Code. Ann., Lab. & Empl. § 3-427(a);

C. Award Plaintiffs prejudgment interest;

D. Award any other and further relief as the Court deems appropriate and just.

## COUNT III: VIOLATION OF THE MARYLAND WAGE AND PAYMENT COLLECTION LAW

102. Plaintiffs and the FLSA Class Members re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

103. At all times relevant hereto, Defendant was an "employer" within the meaning of the MWPCL, Md. Code Ann., Lab. & Empl. § 3-501(b).

104. During the applicable period, Plaintiffs and the FLSA Class Members routinely worked in excess of forty hours per workweek without receiving overtime compensation for their overtime hours worked, in violation of the MWPCL, Md. Code Ann., Lab. & Empl. § 3-502(a).

105. During the applicable statutory period, Defendant routinely failed to pay plaintiffs hourly wages and instead paid Plaintiffs straight commissions, in violation of the MWPCL semi-monthly payment requirements, Md. Code Ann., Lab. & Empl. § 3-502(a).

106. Defendant did not withhold Plaintiffs' wages as a result of a bona fide dispute. As a result, Plaintiffs are entitled to an amount not exceeding three times the wages owed, in addition to reasonable attorneys' fees and costs. Md. Code Ann., Lab. & Empl. § 3-507.2(b).

Wherefore, Plaintiffs pray this Court to:

A. Enter judgment in the amount of all back wages due, as provided by the Maryland Wage Payment and Collection Law, Md. Code. Ann., Lab. & Empl. § 3-507.2(a);

B. Enter judgment in the amount of three times the amount of wages due, plus reasonable attorney's fees and costs, as provided by the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-507.2(b);

C. Award Plaintiffs prejudgment interest;

D.  Award any other and further relief as the Court deems appropriate and just.

Respectfully submitted,

__/S/ MICHAL SHINNAR_____
Michal Shinnar, Bar No. 19757
Senior Associate
Gilbert Employment Law, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
mshinnar-efile@gelawyer.com

__/S/ THOMAS J. GAGLIARDO_____
Thomas J. Gagliardo, Bar No. 04899
Of Counsel
Gilbert Employment Law, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
tgagliardo@gelawyer.com

*Attorneys for Plaintiffs*